# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| TERAH C. MORRIS, | ) | Civil Action No. 7:17cv00093 |
|     Plaintiff, | ) | |
| | ) | **ORDER ADOPTING REPORT** |
| v. | ) | **AND RECOMMENDATION** |
| | ) | |
| DR. MEREDITH CARY, *et al.*,[1] | ) | By: Norman K. Moon |
|     Defendants. | ) | United States District Judge |

Terah C. Morris, a Virginia inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendants failed to provide him adequate medical treatment for gender identity disorder ("GID"). The defendants filed motions to dismiss, and I referred the matter to United States Magistrate Judge Pamela Meade Sargent for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

The Magistrate Judge filed a report, finding that Morris failed to state a claim under § 1983 against Dr. Malone, Health Services Director Schilling, former Warden Barksdale, Assistant Warden Artrip, Nurse Phipps, Captain Still, and Lieutenant Collins because he failed to allege that these defendants acted personally in the alleged deprivation of his constitutional rights; and that Morris adequately pleaded a § 1983 claim of deliberate indifference to his serious medical needs against defendants Dr. Cary, Dr. Lee, Qualified Mental Health Professional ("QMHP") Trent, QMHP Huff, QMHP Buchanan, QMHP Fletcher, QMHP Saylor, and Dr. McDuffie.[2] Accordingly, the Magistrate Judge recommends that I grant the motions to dismiss

---

[1] Morris named Dr. Elisabeth Carey as a defendant; however, "Dr. Carey" has informed the court that her name is actually Meredith Cary. *See* Docket No. 36. In addition, defendant Schwilling's surname should be Schilling and defendant Seller's surname should be Saylor. *See* Docket No. 19. The Clerk shall update the docket to reflect these changes.

[2] The correctional defendants also argued in their motion to dismiss that Morris failed to exhaust administrative remedies before filing this action. For purposes of considering this affirmative defense, the Magistrate Judge converted this portion of the defendants' motion to dismiss to a motion for summary judgment, after giving appropriate notice, because she relied on an affidavit of the grievance coordinator which the defendants

as to defendants Malone, Schilling, Barksdale, Artrip, Phipps, Still, and Collins but deny the motions to dismiss as to defendants Cary, Lee, Trent, Huff, Buchanan, Fletcher, Saylor, and McDuffie.[3]  Morris and Dr. McDuffie filed timely objections to the Magistrate Judge's Report and Recommendation.

**I.**

Morris filed two objections. His first objection is to the Magistrate Judge's statement that Morris "alleged that he was held in five-point restraints until August 2, 2016." His second objection is to the Magistrate Judge's finding that Morris failed to state a claim against Nurse Phipps. For the reasons stated herein, I will overrule both objections.

I cannot discern a material, specific, or meritorious objection from Morris's first objection. He states that the Magistrate Judge's statement that Morris "alleged that he was held in five-point restraints until August 2, 2016," is "unduly burdensome considering that in [his] complaint, . . . [he] says that on August 2, 2016, . . . [he] asked [QMHP] Trent why [] the mental health personnel [] at Red Onion State Prison [] keep falsifying federal documents when ya[']ll write notes on me." He also alleges that QMHP Trent responded by telling Morris that he has "a mental health diagnosis but overall [he] has a behavioral problem and [he is] not go[ing] to get what [he] wants because [they] don't see the feminine in [him]." The only defendant discussed in Morris's "objection" is QMHP Trent and the Magistrate Judge recommends that the motion to dismiss be denied as to Trent. It is unclear what Morris is actually objecting to from the Report and Recommendation. Accordingly, I will overrule the first objection.

---

filed in support of the motion. Fed. R. Civ. P. 12(d). The Magistrate Judge found that there was no material dispute that Morris exhausted available administrative remedies and, thus, recommended that I reject the defendants' affirmative defense of failure to exhaust. No party has objected to this finding or recommendation.

[3] The Magistrate Judge also recommended that I dismiss Morris's claims for damages against the defendants in their official capacities and no party objected.

Morris's second objection is to the Magistrate Judge's finding that Morris failed to state a claim against Nurse Phipps and he again argues that it is "unduly burdensome." In her Report and Recommendation, the Magistrate Judge noted that Morris alleged that Nurse Phipps forwarded Morris's November 13, 2016 request form to the mental health department. In his objection, Morris alleges that Nurse Phipps also responded to an informal complaint that he had filed in August 2015, wherein he "ask[ed] to be placed on hormone shots." This allegation is not in Morris's complaint, and the informal complaint is not in the record of this case. However, I take judicial notice that the informal complaint was filed in another case of Morris's, Civil Action No. 7:15cv675, at Docket No. 3-2, 5. In the informal complaint, Morris writes:

> I put in for a sick call on 8-23-15 about me getting back on my hormone shot and I was told Red Onion does not provide it per policy 038.3 I'm considered an intersex offender shall be given the opportunity to shower separately from other offenders it also states my own views shall be given serious consideration. [sic]

Nurse Phipps responded to the informal complaint by stating, "You have normal male genitalia. There is no question that I can answer here. Your question regarding hormone shots and breast implants was previously answered."

As best as I can discern, Morris's second objection is attempting to argue that his allegation about Nurse Phipps's response to his informal complaint states a claim against Nurse Phipps and, therefore, she should not be dismissed from this action. Inasmuch as this allegation is not in Morris's complaint and the objection has no merit. Further, even if this allegation was in the complaint, without any further allegations against Nurse Phipps, it fails to state a viable claim as Morris has not sufficiently alleged that Nurse Phipps was deliberately indifferent to a serious medical need. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011)

3

("While a court must accept the material facts alleged in the complaint as true, statements of bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim."); *Brown v. Va. Dep't Corr.*, No. 6:07cv33, 2015 U.S. Dist. LEXIS 12227, at *8, 2009 WL 87459, at *13 (W.D. Va. Jan. 9, 2009) (inmates do not have a constitutionally protected right in the grievance procedure and, thus, there is no liability under § 1983 for a prison administrator's response to a grievance or appeal). Accordingly, I will overrule Morris's second objection.

## II.

Dr. McDuffie also filed two objections. First, he objects to the Magistrate Judge's finding that he acted personally in violating Morris's constitutional rights. Second, he objects to the finding that Morris pleaded more than mere negligence in diagnosis and treatment. For the reasons stated herein, I will overrule both objections.

As to the first objection concerning personal involvement, Morris alleged that on October 29, 2015, Dr. McDuffie "yelled" that Morris did not have a gender identity problem, told Morris that he did not want to hear Morris discuss the subject again, and told Morris to get "the hell out of" his office. Morris alleged that he requested hormone treatment from Dr. McDuffie on three different occasions in 2016, which he did not receive. Morris also alleged that in January 2017, Dr. McDuffie recommended that Morris be referred to an expert in diagnosing and managing individuals with GID. Finally, Morris alleged that Dr. McDuffie and other mental health treatment providers ultimately determined that appropriate treatment for him was a "monthly office visit." Accepting all of Morris's allegations as true and drawing all reasonable inferences in favor of Morris, as I must, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), I conclude that he has

4

sufficiently alleged that Dr. McDuffie was personally involved in denying Morris's constitutional rights. Accordingly, I will overrule Dr. McDuffie's first objection.

Dr. McDuffie also objects to the Magistrate Judge's finding that Morris pled more than mere negligence against Dr. McDuffie. Reiterating arguments presented in his motion to dismiss, Dr. McDuffie argues that Morris failed to allege that Dr. McDuffie acted with deliberate indifference to Morris's need for treatment and that Morris's allegations amount to nothing more than negligence and a doctor and patient disagreement, neither of which are actionable under § 1983. However, like the Magistrate Judge, I read Morris's complaint to allege that Dr. McDuffie knew that Morris suffered from GID and that failing to treat him could lead to serious harm, but refused to diagnosis or treat Morris in order to avoid the Virginia Department of Corrections ("VDOC") having to pay for the treatment or because the VDOC has an implicit policy not to provide such treatment. Accepting Morris's allegation as a true and drawing all reasonable inferences in the light most favorable to Morris, I conclude that Morris has alleged more than mere negligence against Dr. McDuffie and has alleged the denial of a constitutional right based on Dr. McDuffie's personal act or omission. Accordingly, I will overrule Dr. McDuffie's second objection.[4]

### III.

I have reviewed the Magistrate Judge's Report and Recommendation, Morris's and Dr. McDuffie's objections, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1). For the reasons stated herein, I will overrule the objections and adopt the Report and Recommendation in its entirety. Accordingly, it is hereby **ORDERED** that:

---

[4] Morris also filed objections to Dr. McDuffie's objections. *See* Docket No. 84. Even if the objections to the objections were permitted, the objections are nevertheless moot inasmuch as I have overruled Dr. McDuffie's objections.

1. Morris's and Dr. McDuffie's objections to the Report and Recommendation are **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation (Docket No. 81) is **ADOPTED** in its entirety;

3. The motion to dismiss by defendants Cary and Lee (Docket No. 36) is **DENIED**;

4. The motion to dismiss by defendants Malone, Schilling, Barksdale, Artrip, Phipps, Still, Collins, Trent, Huff, Buchanan, Fletcher, and Saylor (Docket No. 38) is **GRANTED in part** as to defendants Malone, Schilling, Barksdale, Artrip, Phipps, Still, and Collins, and **DENIED in part** as to defendants Trent, Huff, Buchanan, Fletcher, and Saylor;

5. The motion to dismiss by defendant McDuffie (Docket No. 47) is **DENIED**;

6. The Clerk shall **TERMINATE** Malone, Schilling, Barksdale, Artrip, Phipps, Still, and Collins as defendants; and

7. Pursuant to Standing Order 2013-6, defendants Cary, Lee, Trent, Huff, Buchanan, Fletcher, Saylor, and McDuffie are directed to file a motion for summary judgment supported by affidavit(s) within thirty days of the entry of this order.

8. The Clerk shall send a copy of this order to the parties.

ENTER: This 27th day of March, 2018.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE